IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE MURPHY,

                      Petitioner,

  v.                                            OPINION & ORDER

J.B. VAN HOLLEN,                              15-cv-504-jdp

                      Respondent.

---

Petitioner Wayne Murphy seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge an order from the circuit court for Dane County. Petitioner has paid the five dollar filing fee and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is proceeding pro se, I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After conducting a preliminary review, I conclude that habeas relief is not appropriate for petitioner, and that his petition would not state a claim for a violation of his civil rights.

BACKGROUND

Petitioner alleges that he was found in contempt of the circuit court for Dane County for failing to pay child support on August 8, 2014. He was sentenced to 90 days of jail, to be served in 30-day increments. He is no longer in custody and he does not allege that he will be in custody in the future. Petitioner seeks an injunction barring the state from collecting additional child support payments from him.

ANALYSIS

Petitioner alleges that the state court's determination of his paternity in the early 1990s and his subsequent child support obligations violated his Eighth, Thirteenth, and Fourteenth Amendment rights. He requests habeas relief under 28 U.S.C. § 2254. However, under Rule 1 of the Rules Governing Section 2254 Cases, habeas relief is reserved only for people who are "in custody under a state-court or federal-court judgment." Petitioner is not in custody and does not allege that he will be in custody in the future. He therefore does not have a habeas corpus claim.

Even if I were to construe the petition as a civil rights complaint, it would fail. Petitioner seems to be asking this court to examine and overturn the state court's paternity decision and subsequent child support orders. That kind of examination is barred under the *Rooker-Feldman* doctrine. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) ("*Rooker–Feldman* prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." (internal citations and quotation marks omitted)). Because the facts that petitioner alleges are insufficient to state a claim for relief, I must dismiss his petition. Any relief from the paternity decision or the child support orders must come from the state court with jurisdiction over the case.

ORDER

IT IS ORDERED that petitioner Wayne Murphy's petitioner for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DISMISSED with prejudice. The clerk of court is

directed to close this case.

    Entered June 1, 2016.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge